Eric M. Fraser, No. 027241
**OSBORN MALEDON, P.A.**
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona  85012-2793
Telephone: 602-640-9000
Email: efraser@omlaw.com

STEFANI E. SHANBERG (*pro hac vice*)
JENNIFER J. SCHMIDT (*pro hac vice*)
MICHAEL J. GUO (*pro hac vice*)
MADELEINE E. GULLY (*pro hac vice*)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California  94105
Telephone:    (415) 268-7000
Email: sshanberg@mofo.com
        jschmidt@mofo.com
        mguo@mofo.com
        mgully@mofo.com

*Attorneys for Defendant/Counterclaimant*
APPLE INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advanced Voice Recognition Systems, Inc., | |
| | Case No. 18-02083-PHX-DGC |
| Plaintiff/Counter-Defendant, | |
| | **DEFENDANT APPLE INC.'S** |
| vs. | **ANSWER AND COUNTERCLAIM** |
| | **TO PLAINTIFF ADVANCED** |
| Apple Inc., | **VOICE RECOGNITION SYSTEMS,** |
| | **INC.'S FIRST AMENDED** |
| Defendant/Counterclaimant. | **COMPLAINT FOR PATENT** |
| | **INFRINGEMENT** |

Defendant Apple Inc. ("Apple") hereby answers Plaintiff Advanced Voice Recognition Systems, Inc.'s ("AVRS") First Amended Complaint for Patent Infringement ("Complaint"), as follows:

**PARTIES**

1.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis denies them.

2.      Apple admits that it is a corporation organized and existing under the laws of the State of California, and has a principal place of business at 1 Infinite Loop, Cupertino, California 95014.  Apple admits that it has a registered agent located at 3800 N. Central Ave., Suite 460, Phoenix, AZ 85012.  Except as expressly admitted, Apple denies the allegations in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.      Apple admits that the Complaint purports to be an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code.

4.      Apple admits that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Solely for purposes of this action, Apple does not contest personal jurisdiction in the District of Arizona.  Except as expressly admitted, Apple denies the allegations in Paragraph 5 of the Complaint.

6.      Apple admits that venue is proper in the District of Arizona pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Apple denies that this Court is a convenient or appropriate venue for this action.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 6 of the Complaint.

**THE ASSERTED PATENT**

7.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis denies them.

8.      Apple admits that Exhibit 1 to the Complaint purports to be a copy of U.S. Patent No. 7,558,730 ("the '730 patent").  Apple further admits that the '730 patent is entitled "Speech Recognition and Transcription Among Users Having Heterogeneous Protocols" and bears an issue date of July 7, 2009.  Apple lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint, and on that basis denies them.

9.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis denies them.

10.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis denies them.

11.    Apple denies that the '730 patent solved a longstanding problem.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint, and on that basis denies them.

12.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and on that basis denies them.

13.    Apple denies that there was a barrier to implementation of networked systems in the prior art.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint, and on that basis denies them.

14.    Apple denies that the '730 patent invented or disclosed anything novel. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint, and on that basis denies them.

15.    Apple denies that the '730 patent rectified a problem in the prior art or that it implements a novel system architecture.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint, and on that basis denies them.

16.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis denies them.

17.    Apple denies that the '730 patent invented or disclosed a novel system architecture that was not well-understood, routine, or conventional.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint, and on that basis denies them.

## THE ACCUSED INFRINGING INSTRUMENTALITIES

18.     Apple admits that its products include iPhone, iPad, Mac, Apple Watch, Apple TV, and Apple HomePod, iCloud, and Apple Pay services, and iOS, macOS, watchOS, and tvOS operating systems.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 18 of the Complaint.

19.     Apple admits that certain versions of iPhone, iPad, Mac, Apple Watch, Apple TV, and HomePod include Siri features and capabilities.  Apple admits that the Complaint refers to iPhone, iPad, Mac, Apple Watch, the Apple HomePod, and iOS, macOS, watchOS, and tvOS operating systems as the "Accused Instrumentalities." Except as expressly admitted, Apple denies the remaining allegations in Paragraph 19.

20.     Apple admits that the opinion issued in *Apple Inc. v. Samsung Elecs. Co., et al.*, No. 12-cv-630, slip op. at 81 (N.D. Cal. June 29, 2012) contains the language quoted in Paragraph 20 of the Complaint.  Apple admits that the opinion issued in *Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 2012-1507 slip op. at 8 (Fed. Cir. Oct. 11, 2012) contains the language quoted in Paragraph 20 of the Complaint.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 20 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '730 Patent)

21.     Apple incorporates and realleges paragraphs 1-20 of its Answer as if fully set forth herein in response to the allegations contained in Paragraph 21 of the Complaint.

22.     Apple denies the allegations in Paragraph 22 of the Complaint.

23.     Apple admits that Figure 1 of U.S. Patent No. 9,318,108 and Figure 7B of United States Patent Application No. 2017/0358301 are reproduced in Paragraph 23 of the Complaint.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 23 of the Complaint.

24.     Apple denies the allegations in Paragraph 24 of the Complaint.

25.     Apple denies the allegations in Paragraph 25 of the Complaint.

26.     Apple denies the allegations in Paragraph 26 of the Complaint.

27.     Apple denies the allegations in Paragraph 27 of the Complaint.

28.     Apple admits that the '730 patent is cited in an Information Disclosure Statement submitted to the United States Patent Office on June 19, 2013.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 28 of the Complaint.

29.     Paragraph 29 states allegations of law to which no response is required. To the extent that any allegations of fact are included in Paragraph 29 of the Complaint, Apple denies such allegations.

30.     Apple admits that the '730 patent is cited in an Information Disclosure Statement submitted to the United States Patent Office on June 19, 2013.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 30 of the Complaint.

31.     Apple admits that the law firm of Morgan, Lewis and Bockius filed patent applications on behalf of Apple between June and December of 2013, some of which cited the '730 patent.  Apple denies that it reviewed the '730 patent prior to June 2013 and that the '730 patent is material to Siri.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 31 of the Complaint.

32.     Apple admits that the law firm of Morrison & Foerster filed patent applications on behalf of Apple in 2014 and 2015, some of which cited the '730 patent. Apple denies that the '730 patent is material to Siri.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 32 of the Complaint.

33.     Apple denies the allegations in Paragraph 33 of the Complaint.

34.     Apple denies the allegations in Paragraph 34 of the Complaint.

35.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint concerning the number of times the '730 patent has been cited to the United States Patent and Trademark Office,

and on that basis denies them.  Apple denies the remaining allegations in Paragraph 35 of the Complaint.

36.    Apple denies the allegations in Paragraph 36 of the Complaint.

37.    Apple admits that in November 2015, Dominion Harbor sent Apple a presentation identifying Siri and purporting to describe the '730 patent.  Apple admits that between December 2015 and July 2016, Dominion Harbor and Apple engaged in communications.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 37 of the Complaint.

38.    Apple admits that in communications with Dominion Harbor it denied that it infringed the '730 patent and that the claims of the '730 patent were valid.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 38 of the Complaint.

39.    Apple denies the allegations in Paragraph 39 of the Complaint.

40.    Apple denies the allegations in Paragraph 40 of the Complaint.

41.    Apple denies the allegations in Paragraph 41 of the Complaint.

## DEMAND FOR JURY TRIAL

AVRS's demand for a jury trial does not state any allegations to which a response is required.  To the extent that a response is required, Apple denies any and all allegations in the demand.

## PRAYER FOR RELIEF

AVRS's prayer for relief does not state any allegations to which a response is required.  To the extent a response is required, Apple denies any and all allegations contained in the prayer for relief and denies that AVRS is entitled to any of the relief requested or to any other relief in any form whatsoever.  Apple further denies each and every allegation contained in the Complaint to which it has not specifically responded.

## DEFENSES

Subject to the foregoing responses, Apple alleges and asserts the following defenses in response to the allegations contained in the Complaint, undertaking the

burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

**FIRST DEFENSE**
**(Failure to State a Claim)**

AVRS's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**
**(Noninfringement)**

Apple does not and has not infringed, contributed to the infringement of, or induced others to infringe, directly or indirectly, literally or by equivalents, any claim of the '730 patent at least because the Accused Instrumentalities do not contain a "system transaction manager" and because the Accused Instrumentalities do not provide translation of a "first user legacy protocol" and a "second user legacy protocol." In addition, to the extent that AVRS alleges that Apple indirectly infringes the '730 patent, Apple has at all relevant times believed in good faith that the use of the Accused Instrumentalities does not infringe any claim of the '730 patent, and that the asserted claims of the '730 patent are invalid negating at least the "specific intent" element of such allegations. In addition, to the extent that AVRS does not allege that Apple performs every limitation of the '730 patent, Apple has not infringed, contributed to the infringement of, or induced others to infringe, directly or indirectly, literally or by equivalents, any claim of the '730 patent at least because Apple does not exercise direction or control over a third party that performs any limitations of the '730 patent.

**THIRD DEFENSE**
**(Invalidity)**

The claims of the '730 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 at least because the claims of the '730 patent lack patentable subject matter, are not new or novel in light of the prior art, are obvious in light of the prior art, are indefinite, fail to provide an adequate written description, and/or fail to enable one of skill in the art to make and use

the alleged invention described and claimed.   For example, one or more claims of the '730 patent purport to claim subject matter ineligible for patent protection, and one or more of the claims are drawn to the abstract idea of recognizing and transcribing human speech without the addition of any inventive steps sufficient to qualify as a patent-eligible invention.   In addition, one or more of the claims of '730 patent is also anticipated or rendered obvious by prior art.  For example, the '730 patent is invalid in view of, for example, U.S. Patent No. 6,687,339 entitled "Controller For Use With Communications Systems For Converting A Voice Message To A Text Message," which was filed on March 5, 2001 and issued on February 3, 2004, and which discloses a speech-to-text conversion system that is capable of operating across multiple protocols.

**FOURTH DEFENSE**
**(Limitation of Damages)**

AVRS's right to seek damages is limited by, including without limitation, 35 U.S.C. §§ 286, 287, and 288, and 28 U.S.C. § 1498.

**FIFTH DEFENSE**
**(Waiver and/or Estoppel)**

AVRS's claims for relief and prayer for damages are barred, in whole or in part, by the equitable doctrines of waiver and/or estoppel.

**SIXTH DEFENSE**
**(Ensnarement of Prior Art)**

To the extent that AVRS alleges that Apple infringes the '730 patent by equivalents, AVRS's claims for relief are barred, in whole or in part, by ensnaring the prior art.

**SEVENTH DEFENSE**
**(Prosecution History Estoppel)**

By reason of proceedings in the United States Patent and Trademark Office, and by reasons of amendments, disclaimers, disavowals, admissions, representations,

arguments, and/or statements made by the applicants or on their behalf, AVRS is estopped from construing the claims of the '730 patent to cover and/or include any acts of Apple.

### EIGHTH DEFENSE
### (Reverse Doctrine of Equivalents)

To the extent that AVRS alleges that Apple infringes the '730 patent literally, AVRS's claims for relief are barred, in whole or in part, by the reverse doctrine of equivalents.

### NINTH DEFENSE
### (No Equitable Relief)

To the extent that AVRS seeks equitable relief, including but not limited to injunctive relief for alleged infringement, the relief it seeks is unavailable because the alleged injury to AVRS is not immediate or irreparable, and AVRS has an adequate remedy at law for any alleged injury.

### TENTH DEFENSE
### (Failure to Mitigate)

AVRS's claims for relief and prayer for damages are barred, in whole or in part, because of AVRS's failure to mitigate damages, if any such damages exist.

### ELEVENTH DEFENSE
### (No Willful Infringement)

AVRS's claim for enhanced damages and an award of fees and costs against Apple have no basis in fact or law and should be denied at least because Apple has engaged in all relevant activities in good faith, precluding AVRS, even if it were to prevail, from recovering enhanced damages for willful infringement under 35 U.S.C. § 284 or recovering its attorneys' fees and/or costs under 35 U.S.C. § 285.

### RESERVATION OF ADDITIONAL DEFENSES

Apple reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may

now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Apple asserts the following counterclaims against Plaintiff and Counter-Defendant AVRS:

### JURISDICTION AND VENUE

1.      This is an action for declaratory judgment arising under the Federal Declaratory Judgment Act and the patent laws of the United States.  This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1338(a), 2201(a), and 2202, and by reason of the Complaint filed by AVRS.

2.      AVRS has submitted to the personal jurisdiction of the Court by filing the Complaint against Apple in this Court.  AVRS further maintains its principal place of business in this District at 7659 E. Wood Drive, Scottsdale, Arizona 85260.

3.      Venue is proper under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

4.      By virtue of the allegations in AVRS's Complaint and Apple's Answer thereto, an actual controversy exists between Apple and AVRS as to whether U.S. Patent No. 7,558,730 ("the '730 patent") is invalid and not infringed by Apple.

### PARTIES

5.      Counterclaimant Apple is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

6.      By its Complaint, Counterclaim-Defendant AVRS is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located at 7659 E. Wood Drive, Scottsdale, Arizona 85260.

### COUNT I
### (Declaratory Judgment of Noninfringement)

7.      Apple incorporates and realleges paragraphs 1-6 of these counterclaims as if fully set forth herein.

8.      Apple does not and has not infringed, contributed to the infringement of, or induced others to infringe, directly or indirectly, literally or by equivalents, any valid and enforceable claim of the '730 patent at least because the Accused Instrumentalities do not contain a "system transaction manager" and because the Accused Instrumentalities do not provide translation of a "first user legacy protocol" and a "second user legacy protocol."  In addition, to the extent that AVRS alleges that Apple indirectly infringes the '730 patent, Apple has at all relevant times believed in good faith that the use of the Accused Instrumentalities does not infringe any claim of the '730 patent, and that the asserted claims of the '730 patent are invalid negating at least the "specific intent" element of such allegations.  In addition, to the extent that AVRS does not allege that Apple performs every limitation of the '730 patent, Apple has not infringed, contributed to the infringement of, or induced others to infringe, directly or indirectly, literally or by equivalents, any claim of the '730 patent at least because Apple does not exercise direction or control over a third party that performs any limitations of the '730 patent.

9.      By AVRS's Complaint, AVRS denies some or all of the allegations in Paragraph 8 of the Counterclaim above.  An actual and justiciable controversy therefore exists between the parties concerning Apple's liability for allegedly infringing the '730 patent.

10.     Apple is entitled to a judicial declaration that it has not infringed, whether directly, indirectly, literally, or by equivalents, any claim of the '730 patent.

## COUNT II
### (Declaratory Judgment of Invalidity)

11.     Apple incorporates and realleges paragraphs 1-10 of these counterclaims as if fully set forth herein.

12.     The claims of the '730 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112 at least because the claims of the '730 patent lack patentable subject matter, are not new or novel in light of the prior art, are obvious in light of the prior art,

are indefinite, fail to provide an adequate written description, and/or fail to enable one of skill in the art to make and use the alleged invention described and claimed. For example, one or more claims of the '730 patent purport to claim subject matter ineligible for patent protection, and one or more of the claims are drawn to the abstract idea of recognizing and transcribing human speech without the addition of any inventive steps sufficient to qualify as a patent-eligible invention. In addition, one or more of the claims of '730 patent is also anticipated or rendered obvious by prior art. For example, U.S. Patent No. 6,687,339 entitled "Controller For Use With Communications Systems For Converting A Voice Message To A Text Message," which was filed on March 5, 2001 and issued on February 3, 2004, discloses a speech-to-text conversion system that is capable of operating across multiple protocols.

13. By AVRS's Complaint, AVRS denies some or all of the allegations in Paragraph 12 of these counterclaims above. An actual and justiciable controversy therefore exists between the parties concerning the validity of the '730 patent.

14. Apple is entitled to a judicial declaration that one or more claims of the '730 patent is invalid.

### COUNT III
### (Breach of Written Contract)

15. Apple incorporates and realleges paragraphs 1-14 of these counterclaims as if fully set forth herein.

16. On November 2, 2015, Apple and Dominion Harbor Group, LLC ("Dominion Harbor" or "DHG"), on behalf of AVRS, entered into an NDA for purposes of discussing a potential licensing agreement. The NDA constitutes a valid, binding, and enforceable contract between Apple and Dominion Harbor, acting as the agent of AVRS, supported by consideration and made for the benefit of Apple and AVRS.

17. Apple has fulfilled all its obligations and conditions under the NDA.

18.     By disclosing the discussions between Dominion Harbor and Apple and alleging willful infringement based on those discussions, AVRS has breached the terms of the NDA.

19.     As a result of AVRS's breach, Apple has been and will be damaged by having to defend AVRS's improper claim of willful infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaimant Apple requests that the Court:

A. Dismiss AVRS's Complaint with prejudice;

B. Enter a judgment in favor of Apple and against AVRS on all claims in AVRS's Complaint;

C. Declare that Apple does not and has not infringed, contributed to the infringement of, or induced others to infringe, directly or indirectly, literally or by equivalents, any claim of the '730 patent;

D. Declare that each claim of the '730 patent is invalid;

E. Deny AVRS's request for damages;

F. Order that AVRS, its agents, and all persons acting in concert or participation with AVRS, be enjoined from charging infringement of or instituting any further action for infringement of the '730 patent against Apple;

G. Declare that AVRS has breached the NDA between the parties;

H. Award Apple damages proximately caused by AVRS' breach of contract;

I. Declare this to be an exceptional case under 35 U.S.C. § 285 and award Apple its attorney fees and costs; and

J. Award Apple such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Apple hereby demands a jury trial on all issues so triable.

Dated: September 12, 2018                    **OSBORN MALEDON, P.A.**


                                             By   s/ Eric M. Fraser
                                                  Eric M. Fraser
                                                  2929 N. Central Avenue, Suite 2100
                                                  Phoenix, Arizona 85012-2793

                                             *Attorney for Defendant/Counterclaimant*
                                             APPLE INC.

                                                  STEFANI E. SHANBERG (*pro hac vice*)
                                                  JENNIFER J. SCHMIDT (*pro hac vice*)
                                                  MICHAEL J. GUO (*pro hac vice*)
                                                  MADELEINE E. GULLY (*pro hac vice*)
                                                  **MORRISON & FOERSTER LLP**
                                                  425 Market Street
                                                  San Francisco, California  94105

                                             *Of Counsel*


## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2018, I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties who are CM/ECF registrants.


                                             s/ Brenda Wendt